UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SCOTT C., a minor individual, by and :
through his parents and natural :
guardians, SHARON C. AND PETER C. :    No. 02-CV-4023
and SHARON C. AND PETER C., individually:
        Plaintiffs, :
v. :
COLONIAL INTERMEDIATE UNIT 20 :
        Defendant. :

### MOTION TO DISMISS
### PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

ANDAND NOW, comes the Defendant, COLONIAL INTERMEDIATE UNIT 20,AND NOW

throughthrough their attorneys, King, Spry, Hethrough their attorneys, King, Spry, H

HonorableHonorable Court the following MotionHonorable Court the following Motion

Fed. Civ. R. 12(b)(6) and in support thereof avers the following:

1. PlaintiffsPlaintiffs Sharon C. and Peter C.Plaintiffs Sharon C. and Peter C. have bro

   sonson Scott, who is a seventson Scott, who is a seventeenson Scott, who is

   Bethlehem Area School District.

2. DefendantDefendant Colonial Intermediate Unit 20Defendant Colonial Intermedia

   serviceservice functions on behalf of a number of service functions on behalf

   Bethlehem Area School District ( BASD ).

3. Plaintiffs' Complaint alleges that CIU 20 is an L[EA] obligated to provide a Free Appropriate [Public Education to] Plaintiff.

4. Plaintiff's Complaint also alleges violation of §504 of the Rehabilitation [Act,] Violation of IDEA and §1983.

5. Plaintiff's Complaint requests [compensatory] damages, redact Scott C.'s educational records and award attorney's fees.

6. Count I of Plaintiffs' Complaint attempts to a[llege a violation of] §504 of the Rehabilitation Act. (Plaintiff's Complaint, ¶45-50)

7. In Count I, Plaintiffs claim that CIU 20 has [failed to provide FAPE while] he was enrolled in the partial hospitaliz[ation program.] (Complaint, ¶49)

8. Count II of Plaintiff's Complaint attempts [to allege a violation of the] Individuals with Disabilities Act ("IDEA"). (Complaint, ¶51-54)

9. In Count II, Plaintiffs claim that CIU has faile[d to provide FAPE in] the least restrictive environment. (Complaint, ¶54)

10. Count III of Plaintiff's Complaint attempts t[o allege a violation of] §1983. (Complaint, ¶55-59)

11. InIn Count III, Plaintiffs claim that CIU 20 hasIn Count III, Plaintiffs claim that CIU 20 unlunlawfulunlawful activities and that it deprived Scott C. of his right to FAPE least restrictive environment. (Complaint, ¶56)

12. PlaintiffPlaintiff has filed the identical Complaint againstPlaintiff has filed the ide scheduled for trial on January 10, 2003.

COUNT I

13. Plaintiffs Plaintiffs  Complaint fails toPlaintiffs  Complaint fails to state a cause of ac under §504 of the Rehabilitation Act  for the following reasons:

   a.  TheThe Bethlehem School District, not CIU 20 is theThe Bethlehem Sch responsible for compliance with §504 and IDEA;

   b.b.  BeyondBeyond its prohibition of discrimination,Beyond its prohibition of d aa basis for affirmative relief to thea basis for affirmative relief to CommunityCommunity CoCommunity ColCommunity College v. Davis, 442 (1979);

   c.  PlaintiffsPlaintiffs have failed to exhaust their administrativePlaintiffs have the CIU 20;

COUNT II

14. Plaintiffs Plaintiffs  ComplaintPlaintiffs  Complaint fails to state a cause of action a under IDEA  for the following reasons:

   a.  TheThe Bethlehem School District, not CIU The Bethlehem School Dist responsible for compliance with IDEA;

   b.b.  BASDBASD hasBASD has the primaryBASD has the primary responsibility for appropriate educational program for Scott C.;

    c.    PlaintiffsPlaintiffs have failed to exhaust their administrativePlaintiffs have the CIU 20;

## COUNT III

15. Plaintiffs Plaintiffs ComplaintPlaintiffs Complaint fails to state a cause of action a

under §1983 for the following reasons:

    a.a.  Any liability pura.  Any liability pursuaa.  Any liability pursuant to §1983 is p therefore must fail for the same reasons as the IDEA cause of action.

    b.b.  Section 1983b.  Section 1983 does not confer substantive rights,b. Section 198 deprivationdeprivation of thosedeprivation of those rights elsewhere secured. W. Cir. 1995)

    c.c.  In order for liabilityc.  In order for liability to be imposed, there must havec. persistentpersistent and widespread unconstitutional practices by Defenpersiste DistrictDistrict that had become so permanent andDistrict that had become so pe andand effect of law. Monell, 436 U.S., 436 U.S. at 691;, 436 U.S. at 691; Jane Doe A. v. of St. Louis Co., 901 F.2d 642, 646 (8th Cir. 1990).

    d.d.  Proof ofd.  Proof of the mere existence of an unlawful policy or custom isd.  Pr toto maintain a §1983 actito maintain a §1983 action. to maintain a §1983 action provingproving thatproving that the municipalproving that the municipal practi suffered.suffered. Losch v. Borough of Parkesburg, Pa.,, 736 F.2d, 736 F.2d 903, 910

    WHEREFORE,WHEREFORE, Defendant Colonial Intermediate Unit 20 respecWHEREF

judgment be entered in its favor and against the Plaintiffs.

                        KING, SPRY, HERMAN, FREUND & FAUL

                        _____
                        John E. Freund, Esquire, ID No. 25390
                        One Bethlehem Plaza, Suite 700
                        Bethlehem, PA 18018
                        610.332.0390