UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT C., a minor individual, by and through his parents and natural guardians, SHARON C. AND PETER C. and SHARON C. AND PETER C., individually: Plaintiffs, v. COLONIAL INTERMEDIATE UNIT 20 Defendant. | : : : No. 02-CV-4023 : : : : : : |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**I. STATEMENT OF FACTS**

Plaintiffs, Scott C., a minor, Sharon C. and Peter C., natural guardians of Scott C., have brought [this action asserting] rights under Section 504 of the Rehabilitation Act ("Section 504"), Individuals with Disabilities [Education Act ("IDEA")], [and 42 U.S.C.] §1983 ("§1983").

At all relevant times, Scott C. was a [special education student who] resided in the Bethlehem Area School [District]. [He] attend[ed] a partial hospitalization program at Nitschmann Middle School in [the] Bethlehem School District until the end of his [ninth grade year. (Complaint,] ¶22) He entered the Freedom II program at Freedom High S[chool in the] Bethlehem School District in September 1999 and remai[ned there through his] tenth grade year. (Complaint, ¶24)

Plaintiff alleges that BASD served as the Local [Education Agency] for Scott while he attended the CIU's partial programs for providing Scott with a free appropriate public ed[ucation]. (Complaint, ¶27) Plaintiff also alleges that Defendant Carbon-Lehigh Intermediate Unit 20 ("CIU 20") was paid by BASD for oversight of its special education department until the 2001-2002 school year a[nd had] responsibility for delivery of FAPE to Scott. (Complaint, ¶21)

Plaintiffs' Complaint contends that CIU 20 discriminated against [Scott] in that it excluded Scott from his regular education, non-disabled peers, that his instructional day was shorter than regular education[,] the curriculum in CIU 20's partial programs w[as inferior] to those offered to non-disabled students. (Complaint, ¶29, 30, 33)

Plaintiffs also contend that Plaintiffs also content[ion regarding] provision of educational services because [of failure] to provide Scott with FAPE in the least restrictive environment ("LRE"). (Complaint, ¶1)

Count I of Plaintiffs' Complaint alleges that CIU has violated Section [504] by unlawfully segregating Scott while he was in CIU 20's partial progra[ms;] its mismanagement of BASD's special education programs throug[hout] the 2000-2001 school year; that Scott was excluded from his non-disabled

2

peers; denied the benefits of equal education; and was subjected to discrimination while attending programs of CIU 20. (Complaint, ¶49,50)

Count II alleges that through the end of [...] did not have its own, independent special education director and special education supervisors were CIU 20 employees and all decisions about Scott's programming were made by CIU 20 staff. (Complaint, ¶53) Plaintiff also alleges that CIU 20 violated the IDEA by failing to provide Scott with FAPE in the LRE.

Count III alleges that CIU 20 deprived Scott of his federal rights, including his right to FAPE in the LRE and to be free from discrimination. (Complaint, ¶56) Plaintiff [alleges that CIU 20 had a policy] or custom of engaging in unlawful activities and the actions taken by CIU 20 were a product of official policy. (Complaint, ¶57)

Plaintiff has brought an [identical action against the School] District on the identical facts and setting at Docket No. 00-CV-642. That matter is currently scheduled for trial in January 2003 before Judge Bruce W. Kauffman. (See attached docket for 00-CV-642 and the underlying complaint)

## II. STATEMENT OF ISSUES

A.A. WHETHER PLAINTIFFS COMPLAINT FAILS TO A. WHETHER PLAINTIFFS COMPLAINT UNDER §504 OF THE REHABILITATION ACT?

Suggested Answer: Yes.

B.B. WHETHER PLAINTIFFS COMPL B. WHETHER PLAINTIFFS COMPLAINT B. WHETHER UNDER THE INDIVIDUALS WITH DISABILITIES ACT?

Suggested Answer: Yes.

C.C. WHETHER PLAINTIFFS COMPLAINT FAILS TO ST C. WHETHER PLAINTIFFS COMPLAI UNDER 42 U.S.C. SECTION 1983?

Suggested Answer: Yes.

## III. ARGUMENT

STANDARD APPLICABLE TO FED.R.CIV.P. 12(b)(6)

WhenWhen determining a Rule 12(b)(6) moWhen determining a Rule 12(b)(6) mot ththethe facts alleged in the Complaint and its attachments. Jordon v. Fox, Rothschild,Rothschild, O Brien & Frankel, 20 F.3d 1250,, 20 F.3d 1250, 1261 (3d Cir. 1994). , 2 acceptaccept asaccept as true all well pleaded allegations in theaccept as true all well ple thethe lightthe light most favorable to the plaintiff. the light most favorable to the plain Inc.,, 764 F.2d 939, 944 (3d Cir. 1985). A Rule 12(b), 764 F.2d 939, 944 (3d Cir. 1985). A R whenwhen a plaintiff cannot prove any setwhen a plaintiff cannot prove any set of facts, whichwhich would entitle himwhich would entitle him orwhich would entitle him or he 401 (3d Cir. 1988)

However, a pleading is not sufficient [if it relies on mere] characterizations or unsubstantiated conclusions. <u>Fleming v. Lind-Waldock Co.</u>, 922 F.2d 20, 23, 24 (1st Cir. 1990); <u>The Dartmouth Review v. Dartmouth College</u>, 889 F.2d 13 (1st Cir 1989); <u>Vandenplas v. City of Muskego</u>, 753 F.2d 555, 560 (7th Cir. 1985).

> Most often, facts are susceptible to objective [verification]. Conclusions, on the other hand, are [not, in the] usual case. They represent the pleader's [so-] called inferences from [the facts], the [validity of] such conclusions [depends on the relationship to] the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability [it is only then] that conclusions become facts for pleading purposes.

<u>Dartmouth College</u>, at 13.

Bare legal conclusions attached to [facts are insufficient]. <u>Strauss v. City of Chicago</u>, 760 F.2d 765, 768 (7th Cir. [1985]); [the court] should reject legal conclusions, unsupported conclusions, unwarranted inferences, unwarranted deductions, footless inferences, [and] sweeping legal conclusions in the form [of factual allegations]. [<u>Morse v.</u>] <u>Lower Merion School District</u>, 132 F.3d 902, n.8 (3d Cir. 1997) <i>quoting</i>, Charles A.A. Wright and Arthur L. Miller, FEDERAL PRACTICE [AND PROCEDURE] (2d Ed. 1997); <i>see also</i>, <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996)(affirming dismissal of §1983 action and noting that while the pleading [standard is a] liberal one, bald assertions and [conclusions of law are insufficient])

suffice. ); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 2[...] 1993)( conclusory allegations or legal conclusions mas[...] conclusions will not suffice to prevent a motion to dismiss. ).

Here, the facts interpreted in the light most favorable [...] that Plaintiff fails satisfy the above [...] Complaint against CIU 20 actually sounds in Breach of Contra[...] neither of which are pled. Accordingly, [...] be granted.

A. COUNT I OF PLAINTIFFS COMPL[AINT] UNDER SECTION 504 OF THE REHABILITATION ACT.

Plaintiffs claim that Defendant CIU 20 unlawfully [...] while he was enrolled in the pa[...] mismanaged BASD's special education programs through t[...] 2001 school year. Plaintiffs claim [...] to exhaust their administrative remedies against CIU 20; BASD, not CIU [...] party ultimately responsible for compliance w[...] 504 does not furnish a basis for affirmative relief.

Initially it is noted that the Bethlehem School Distric[t ...] party ultimately responsible [...] Springs School District v. Cmwlth of Pa. Dept. [...] A.2d 943 (Cmwlth. Ct. 1984), a school di[strict ...]

6

decreased certain services. The case raised the issue of responsibility for educating handicapped children. In relevant part ....the authorities establish overwhelming responsibility for identifying all exceptional children and of appropriate educational programs to meet their needs is placed upon the school districts. <u>Bermudian Springs</u> at 945.

The Pennsylvania Public School Code Section 1372(3) provides:

> Special Classes or Schools Established and Maintained by School Districts.
> Except as herein otherwise provided, the board of school directors of every school district shall establish, maintain, or to jointly maintain, with neighboring districts, special classes or schools in accordance with the approved plan... If the approved plan indicates it is not feasible to form a special class in any district or to provide education for such child in the public schools of the district, the board of school directors of the district shall secure such proper education and training outside the public schools of the district or in special institutions, or in his home...

24 P.S. 13-1372(3)(emphasis added)

In contrast, 24 P.S. Section 1372(4) of the Code describes the powers and duties of the Intermediate Units to establish, administer, supervise and operate such classes or schools as are necessary or to otherwise provide for the proper education and training for all exceptional children who are

schools maintained and operated by schools maintained and operated [...] *otherwise provided for*. 24 P.S. Section 1372(4)(emphasis added)

The Court in Bermudian Springs further opined:

> The regulations of the Department are even more ex[plicit in] placing the primary res[ponsibility for the] operation of special education programs on the local school districts. 22 Pa. Code §13.11(b) identif[ies] the school districts [as having the] responsibility for [...] or training, or both, shall be that of a school district [...] school district board cannot pr[ovide] effectively and efficiently, it shall use t[he] intermediate unit. The services of approved private inter[mediate units,] state schools, and out-of-state institu[tions are] hereinafter provided, [...] district boards agree t[o provide services] effectively and efficiently for handicapped schoolage[d children...]
>
> Finally, this court has repeatedly cited the [school] districts responsibility for special [education...] *Krawitz v. Department of Education*, 48 Pa. C[mwlth.], A.2d 1202, 1205 (1979)...

Bermudian Springs at 946 *quoting* 22 Pa.Code §13.11(b)

Plaintiffs §504 claim should further be barred for failing [to exhaust] available administrative remedies. The Court in W.B. v. Matula, 67 F.3d 492 (1995), opined that the circumstances of [each case] determine whether administrative proceedings would have been futile:

> ...The test whether exhaustion w[ould be futile is whether the] relief sought in a civil action is not available [in an] administrative proceeding, recour[se to it would] be futile and the exhaustion requirement is excused. *Id*, at 49, at 496[.]

> Recourse to administrative proceedings is futile where the Hearing Officer lacks the authority to grant the relief at 496 *citing* House Report, 1986, U.S.C. C.A.N. at 7"

Matula, 67 F.3d at 496-97.

None of the claims for §504 relief are outside the [...] could have easily been addressed within the cont[ext of...] related services.

To establish a violation of §504, Plaintiffs must demonstra[te...] is disabled as defined by the Act; 2) he is otherwise [qualified to participate in] school activities; 3) the school or the board of education receives fed[eral] financial assistance; 4) he was excluded from participation in, denied the benefits of, or was subject to discrimination at [school, and 5) the school] knew or should have known of his [disability...] Education v. N.E. for M.E., 172 F.3d 238, 253 (3d Ci[r. ... ; Matula, 67] F.3d 484, 492 (1995)

There appear to be few differences, if any, between IDEA's [affirmative] duty and §504's negative prohibition. Indeed, the regulatio[ns promulgated under] §504 adopt the IDEA language, requiring [that any recipient...] from federal financial assistance shall provide a free appropriate p[ublic] education to each qualified handicap[ped person in its] jurisdiction. Matula at 493 *quoting* 34 C.F.R. §104.33(a).

Section 504 has been described as the codification of equal protection for handicapped persons, Gilhool, 1362, 1366 (1989) *quoting* <u>Association for Retarded Citizens in Colorado v. Frazier</u>, 517 F.Supp. 105, 118 (D.Colo. 1981) requirement of nondiscrimination in all at 1366 *quoting* <u>New Mexico Association for Retarded Citizens v. New Mexico</u>, 678 F.2d 847, 852 (10th Cir. 1982). Beyond its prohibition, however, Section 504 generally does not furnish to the handicapped. <u>Gilhool</u> at 1366 *quoting* <u>Southeastern Community College v. Davis</u>, 442 U.S. 397, 410-11, 60 L.Ed. 2d 980, 99 S.Ct. 2361 (1979)

There is no accommodation outside of the IEP. The allegations contained more than restatements of the alleged IDEA in §504 are therefore subsumed by the IDEA evidence in the record to support Plaintiffs of those claims which are arguably outside the scope of the IDEA

Plaintiffs Complaint fails to allege establish that Plaintiffs were deprived of a constitutional no recovery can lie against Defendants requests this Honorable Court grant their

10

Civil Procedure 12(b)(6), and dismiss the Defendants as p[...]

## B. COUNT II OF PLAINTIFFS' COMPLAINT FAILS UNDER THE INDIVIDUALS WITH DISABILITIES ACT (IDEA)

Plaintiffs' action for IDEA violation should be barr[ed for failure] to exhaust administrative remedies, specif[ically] due process against CIU 20 for any alleged failure to i[mplement] District's IEP. As argued above, CIU 20 is not an LEA obligated to provide FAPE. Plaintiffs pursued due process against the Bethlehem Area School District but not CIU 20. (See appendix to Plaintiffs' Complaint)

Disputes under IDEA are governed by the statute's three stage dispute resolution process. The first stage is a[n IEP team meeting where the parents are] afforded enumerated procedural protections. 20 U.S.C. §1415(f). Parties aggrieved by the decision rendered by a hearing office[r may appeal to the] state's educational agency. [...] aggrieved party to file a civil action. 20 U.S.C. §1415(i)(2).

As a general rule, an aggrieved party must invoke a state's administrative procedures before bringing an IDEA claim [in federal] court. 20 U.S.C. §1415(e)(2); <u>W.B. v. Matula</u> 67 F.3d 484, 490 [...] 1415(i)(2) of IDEA adds to this exhaustion requirement by noting b[efore] bringing claims under other statutes that "seek[] relief that is also availab[le]" under this subchapter, the administra[tive...]

11

1415 shall be exhausted to the same ext[ent as if the] action been brought under this subchapter. *See* Hunter v. Moun[t Lebanon] School District, 95 F.3d 272, 277 (3d Cir. 1996).

Section 1415(i)(2) is designed to preclude plaintiffs from taking claims that could have been brought un[der IDEA] under other statutes. *Id.* at 277

The exhaustion requirements of IDEA are speci[fically the] favored course of action. This is be[cause the purpose of the] administrative procedures is to permit state a[nd local agency] cooperation with the parents or guardians of the ch[ild who have] responsibility for formulating the education to be accor[ded to the] child. Board of Education v. Rowley, 458 U.S. 176, 207 (1982).

Given the underlying purpose of IDEA, exceptions to the e[xhaustion] requirement are rare. *See* Matula. In fact, only when it [is shown] that recourse to an administrative proceeding would be futi[le is the] exhaustion requirement excused.[1] A p[laintiff's allegation] that that pursuit of administrative remedies would be futile is insu[fficient to] invoke the exception to exhaustion requirement. Hunter v. Mount Lebanon School District, 95 F.3d 272 (3d Cir. 1996).

---

[1] Another reason why IDEA mandates the a[dministrative process is to allow] a factual record to be developed. *See* W.B. v. Matula, 67 F.3d 484, 489

In the case at bar, any statement by Plaintiffs that pursuit of administrative remedies would be futile falls within the exception to exhaust requirement. Scott C. and his parents pursued administrative redress against the Bethlehem School District, Plaintiffs failed to exhaust administrative remedies against CIU 20. Indeed, the pursuit of administrative remedies against BCIU 20 conclusively admits that administrative remedies were available. It is apparent that Plaintiffs present suit is an attempt to circumvent the IDEA and its progeny support excusing the administrative exhaustion requirement only on the basis of oversight or second thought. IDEA procedures have not been exhausted against CIU 20 and there has been no factual record developed.

Plaintiffs' Complaint fails to allege facts, which if proven, establish that Plaintiffs were deprived of a constitutional right, and therefore, no recovery can lie against Defendant CIU 20. Accordingly, CIU 20 respectfully requests this Honorable Court grant their Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismiss the Defendants as parties to this action.

C. COUNT III OF PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. SECTION 1983.

Any liability pursuant to §1983 is predicated upon the IDEA and therefore must fail for the same reasons as the IDEA cause of action.

13

The Third Circuit in W.B. v. Matula, 67 F.3d 484 (3d. Cir. 1995) discusses the nature of the §1983 right of action as it impacts IDEA and §504:

> [6] Section 1983 does not confer substantive rights, be merely redresses the deprivation of those ri[ghts]. Those rights may be created by the Constitution or fe[deral] statute; and hence in a §1983 action a statute... federal statutory violations by state agents. Maine v. T[hiboutot], 448 U.S. 1, 5-6, 100 S.Ct. 2502, 2504-05, 65[...] encompasses claims based on [...] federal law )
>
> [7] When the rights at issue are statutory, however, a[...] is impermissible when Congress intended to foreclose private enforcement. Wright v. Roanoke Redevelopment [and] Housing Authority, 479 U.S. 418, 423, 107 S[.Ct.] 781 (1987). Such an intent is generally found either in the expre[ss] language of a statute or where a statutory remedial [scheme is so] comprehensive that an intent to prohibit enforcem[ent other] than by the statute s own means may be inferred. Id.

Matula 67 F.3d 484

Notwithstanding the standards required to attain liability under §1983 still pertain. [2] To establish liability against the Intermediate [Unit, the Parents] must establish more than educatio[nal] negligence on the part of the School officials. To establish liability under §1983, the Parents must show that the Intermediate U[nit...]

---

[2] While under Matula damages could be available under §1415(e)(2) for mere [failure to] provide FAPE, a higher standard must be met to p[rove a §1983 violation. See ... v.] School District, 141 F.3d 524 (4th Cir. 1998)(discusses incompatibility of [...] standards.)

recklessly established and maintained a [policy that] caused a constitutional harm or denied Scott C. his statutory rights. _D.R. v. L.R. v. Middle Bucks Area Vocational Technical School_, 972 F.2d 1364 (3d Cir. 1992). The facts related in Plaintiff's Complaint simply do [not suffice in] establishing Liabilty against CIU 20 under §1983 liability pr[inciples]. [The] facts show nothing more than a difference of [opinion over Scott] C.'s educational program. It is significant in this regard that the [decision of] the Appeals Panel attached to [the Complaint did] not deny Scott C. FAPE during the 1998-1999 school year a[nd the] proposed IEP for the 1999-2000 school year was appropriate.

Plaintiffs' Complaint fails to al[lege facts] required to establish liability under §1983. "[A] local gover[nment cannot be] sued under §1983 for an injury inflicted solely by its employees or [agents]. Instead, it is when execution of a government's [policy] made by its lawmakers or by those edicts or acts may fairly [be said to] represent official policy, inflicts the injury [that the government] is responsible under 1983". _Monell v. Dept. of Soc. Serv._, 436 U.S. 690, 694.

A single, isolated incident is insufficient to establish that Defendant School District had a policy, practice and custom. Iso[lated]

establishestablish establish a pattern of behavior. Beck v. City of Pittsburgh, 89 F.3d 9(

(3rd Cir. 1996). In order for liability to be imposed, Cir. 1996). In order for liability to be ir

patternpattern of persistent and widespread unconstitutional practpattern of

DefendantDefendant CIU 20 that had become so permanent and well settled as to have

thethe force and effecthe force and effect othe force and effect of law. Monell, 436

SchoolSchool District of St. Louis Co., 901 F.2d 642, 646 (8th Cir. Cir. 1990). *See also,* Beck

v.v. City of Pittsburgh, 89 F.3d 966, 972 (3rd Cir. 1996)(sufficient number of civil

complaintscomplaints recomplaints regardcomplaints regarding use of excessive force

policepolice department knew or should havepolice department knew or should have kn

behaviorbehavior in arresting citizens,behavior in arresting citizens, even when the arres

orderlyorderly fashion, coorderly fashion, complied worderly fashion, complied wi

offeredoffered no resoffered no resistence);offered no resistence); SSimmons v. City of Pl

Cir.Cir. 1991)(evidence thatCir. 1991)(evidence that city of Philadelphia officials were awa

ofof suicides in of suicides in cityof suicides in city lockups and of the alternatives for

eithereither deliberately chose not to pursue thoseither deliberately chose not to pur

lonlonglong-standinglong-standing policy or custom of inaction in this regard); Bi

Dubinon,, 915 F.2d 845, 853 (3rd Cir. 1990)(sufficient Cir. 1990)(sufficient evidence that the

long-establishedlong-established custom in the city of Pittsburgh police departmer

arrestingarresting and detaining individuals on charges of public intoxication without

probableprobable cause and probable cause and with no probable cause and with no

hearing)

Proof of the mere existence [of a policy] is insufficient to maintain a § [1983 action; plaintiffs bear the] burden of proving that the municipal [policy caused] the injuries suffered. Losch v. Borough of Parkesburg, [736 F.2d 903] (3rd Cir. 1984). To establish the necessary [causation, plaintiffs must] demonstrate a plausible nexus or affirmative link between the municipality's custom and the specific deprivation of constitutional [rights at] issue. *Id.* (Citations omitted). Such can be accomplished by demonstrating that policymakers are aware of similar [unlawful conduct but fail to take] precautions against future violations, and that this failure [contributed] to their injury. *Id.* At 851.

Plaintiffs' Complaint fails to allege facts, which if proven, establish that Plaintiffs were deprived of a constitutional [right, and thus] no recovery can lie against Defendant CIU 20. [Defendants] request this Honorable Court grant their Motion pursuant to [Federal Rule of] Civil Procedure 12(b)(6), and dismiss the Defendants as parties [to this action].

## IV. CONCLUSION

Plaintiffs Plaintiffs Complaint clearly failsPlaintiffs Complaint clearly fails to st DefendantDefendant CIU 20. Accordingly, the Motion of Defendant CIUDefendant CIU 20 FederalFederal Rule of Civil ProcedureFederal Rule of Civil Procedure 12(b)(6) shouldFeder dismissed as a party Defendant.

RESPECTFULLY SUBMITTED,

KING, SPRY, HERMAN, FREUND & FAUL

_____
John E. Freund, Esquire
One West Broad Street
Suite 700
Bethlehem, PA 18018
610.332.0390
ID No. 25390