UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT C., a minor individual, by and through his parents and natural guardians, SHARON C. AND PETER C. and SHARON C. AND PETER C., individually:<br>Plaintiffs,<br>v.<br>COLONIAL INTERMEDIATE UNIT 20<br>Defendant. | :<br>:<br>: No. 02-CV-4023<br>:<br>:<br>:<br>:<br>: |

**BRIEF OF DEFENDANTS COLONIAL INTERMEDIATE UNIT 20
IN OPPOSITION TO PLAINTIFF S MOTION FOR SUMMARY JUDGMENT**

Defendant,Defendant, Defendant, ColonialDefendant, Colonial Defendant, Colonial

attorneysattorneys of record, King, Spry, Hermaattorneys of record, King, Spry, He

followinfollowingfollowing  brief in opposition to Plaintiff s Motion for Summary Judgr

The undisputed facts of record are as follows:

**A.   PROCEDURAL HISTORY**

PlaintifPlaintiffsPlaintiffs filed a Complaint against Defendant CIU2Plaintiffs filed a Co

2002,2002, and serve2002, and served u2002, and served upon Defendant on or abou

DismissDismiss underDismiss under 12(b)(6) was filed by Defendants on October 1, 2002.D

thenthen filed a Response to Defendant sthen filed a Response to Defendant s Motionth

forfor Summary Judgmefor Summary Judgment withfor Summary Judgment with a

discovery has been taken as yet in this case.

**B.   STATEMENT OF FACTS**

Scott C. is a student in the Bethlehem [School District and] resides with his parents. Scott [has] learning disabilities and [has been identified] as being [eligible for special education services in the Bethlehem School] District.

In September 1998, Scott C. began exhibiting behavioral [problems in] school. A psychiatric evaluation was conducted and the psychiatrist recommended a partial hospitalization program [. Scott attended a partial] hospitalization program at Nitschmann Middle School [in the Bethlehem Area] School District until the end of his eig[hth grade year. He then attended a] program at Freedom High School [and remained] there until his tenth grade year.

Plaintiffs have set forth an eight (8) page factual statement [in their] brief. However, Plaintiff's brief continually cites [to the Complaint] in support of her Summary Judgment brief. Accordingly, all [facts] culled from Plaintiffs Complaint in their Brief in support of their Summary Judgment Motion should be considered factual issues.

**C.  ISSUES PRESENTED**

   I.  WHETHER THIS CASE IS NOT YET RIPE FOR SUMMARY JUDGMENT?

   Suggested Answer: Yes.

   II.II.  WHETHER THEREII.  WHETHER THERE IS A GENUINE ISSUE OF MATERIAL FACTII.  WH
   WHETHERWHETHER CIU20 EMPLOYEES ARWHETHER CIU20 EMPLOYEES ARE THEWH
   UNDER THE BORROWED SERVANT DOCTRINE ?

   Suggested Answer: Yes.

   III.III.  WHETHER PLAINTIFFIII.  WHETHER PLAINTIFFS III.  WHETHER PLAINTIFFS FAIL
   DEFENDANT CIU UNDER IDEA, §504 AND §1983?

   Suggested Answer: Yes

**D.  ARGUMENT**

**STANDARD FOR SUMMARY JUDGMENT MOTION**

   PursuantPursuant to Rule 56(c) of the Federal RulesPursuant to Rule 56(c) of the Fed

judgmjudgmentjudgment may be entered only if the pleadings, depositions, answe

interrogatories,interrogatories, and admissions on file, together with affidavits, if any, s

thatthat there is no genuine issue as to any material fact and that the moving

partyparty is entitled to a judgment as a matter oparty is entitled to a judgment a

MiningMining EqMining EquipmenMining Equipment co., 667 F.2d 402, 405 (3d Cir. 1981)

entitledentitled to a judgment as a matter ofentitled to a judgment as a matter of la

establishestablish the existence of a genuineestablish the existence of a genuine issueest

onon which she has on which she has thon which she has the burden of proof at tri

1391,1391, 1395 (3d Cir. 1989), *citing* Celotex Corp. v. Catrett, 477 U.S., 477 U.S. 317,, 477 U.S.

265, 106 S.Ct. 2548 (1986). A genuine issue [of material fact exists if the evidence is such that, when] viewed in a light most favorable to the [non-moving party, would allow a] reasonable jury to return a verdict for that party. *Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Whether a fact [is material is determined by the] substantive law. *Id.* (inner citations omitted.)

The primary purpose of a motion for summary judgment is to avoid a useless trial, and summary judgment is a procedural device for promptly disposing of actions in which there is [no genuine issue of material fact] even though such issue might [otherwise be raised.] The very purpose of Rule 56 is to eliminate a trial in such cases where [a trial would be] unnecessary and results in delay and expense. *Tomalewski v. State Farm Life Insurance Company*, 494 F.2d 882, 884 (3d [Cir. 1974); *Chemetron Corp. v. Business Funds, Inc.*], 463 F.2d 495, 498 (7th Cir. 1972).

The Third Circuit has made it clear that courts [are to resolve any doubts] as to the existence of genuine issues of fact against the moving party. *Hollinger, supra*; *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981). In addition, inferences to be drawn from the underlying facts contained in evidentiary sources submitted to the trial court must be [viewed in the light most favorable to the party opposing the motion.]

4

toto the party opposing the motion. GoodmanGoodman v. Mead JohnsonGoodman v.

566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2

(1977).(1977). A Court considering a summary judgment motion based solely on(1977). A

administrativeadministrative decision under IDEA follows a slightly modified rule.[1]

purposespurposes of the purposes of the prespurposes of the present motion, h

standard rule because: 1) the CIU20rule because: 1) the CIU20 is nrule because: 1) t

decision,decision, and; 2) Plaintiffs incldecision, and; 2) Plaintiffs inclusion odecision, a

fall under any part of any administrative record.

## I.  THIS CASE IS NOT YET RIPE FOR SUMMARY JUDGMENT

UponUpon receiUpon receipt ofUpon receipt of Plaintiffs Complaint, Defenda

DismissDismiss under 12(b)(6)Dismiss under 12(b)(6) alleging that Plaintiffs Complaint faile

ofof action against CIU20. Plaintiffs responded by filing a combof action against CIU2

ResponseResponse to Defendant's Motion and a Brief in support of Response t

Judgment.Judgment. Judgment. Plaintiffs also filed a 1240 pageJudgment. Plaintiffs al

TTheThe Appendix was comprised of documents of record in a caseThe Appendix was

---

[1] Noting that summary judgment Noting that summary judgment in a judicial review of an administrat thethe IDEA ithe IDEA is different ,the IDEA is different , the Court in Breen v. St. Charles R-IV School Dist (E.D. Miss. 1997), concluded:

> JudicialJudicial review of agency action may be conducted on the administrative record even *ifif thereif there are disputed issues of material fact.* Under. Under IDEA, the reviewing court bases its decision o thethe preponderance of evidence. That is a less deferential standard of reviewthe preponderance of evidence evidenceevidence testevidence test common to federal administrative law. But it still requires the reviewing court due due weight to administrative decision making. Breen, 2 F.Supp.2d a, 2 F.Supp.2d at 1220 (em, 2 F.Su citations omitted)

than two years ago against Bethlehem Area School District, in which CIU20 was not a party. The documents were not previously produced to Defendant. No discovery has been taken as yet in the case at bar.

Fed.R.C.P. 12(b)(6) states in pertinent part:

…If, on a motion asserting the defense of failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment, and disposed of as provided in Rule 56, and all parties shall *be given reasonable opportunity to present all material made pertinent* to such a motion by Rule 56.

F.R.C.P. 12(b)(6) (emphasis added)

The parties may produce affidavits and other evidence in support or in opposition to a motion for failure to state a claim. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277 (3d Cir.) *cert. denied*, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 324 (1991). See <u>Lybrook v. Members of Farmington Mun. Schools Bd. of Educ.</u>, 232 F.3d 1334, (10th Cir. 2000)(court has discretion whether to consider extrinsic evidence, and if court does not consider such evidence, conversion is not required); <u>Finley Lines Joint Protective Bd. Unit 200 v. Norfolk Southern Corp.</u>, (4th Cir. 1997)(noting that conversion requirement does not vest until the court decides to consider the extrinsic materials; *merely submitting extraneous materials does not trigger a conversion*)(emphasis added).)(emphasis

6

court must give all parties notice of such a conversion, with an opportunity both to be heard and to present materials in support of their positions on the motion. Town of Loma Linda, 213 F.3d 101, 1005 (8th Cir. 2000); David v. [_], 101 F.3d 1344, 1352 (10th Cir. 1996), cert. denied, 522 U.S. 858, 118 S.Ct. 157, 139 L.Ed.2d 102 (1997); Jones v. Automobile Ins. Co., 917 F.2d 1528 (11th Cir. [_]). Following conversion, the court is likely to allow appropriate discovery before ruling on the converted motion. Baicker-McKee, et al., Federal Civil Rules Handbook 310 (2002).

In the instant case, a Motion to Dismiss was the first response filed by Defendant. No answer or affirmative defenses to Plaintiffs' Complaint have been filed, nor has there been any discovery. Summary judgment may be granted only after the nonmoving party has had an adequate opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. [_], 91 L.Ed. 2d 265 (1986).

Pre-discovery summary judgments should more appropriately be the exception, rather than the rule. See Patton v. General Signal [_], F.Supp. 666, 670 (W.D.N.Y. 1997)(commenting that "pre-discovery summary judgment remains the exception rather than the rule, and will be granted only in the clearest of cases").

CIU20 has affirmative defenses independent of BASD and has not had the opportunity to raise them. CIU20 intends to raise the defense of the Statute of Limitations under <u>Bernardsville Bd. of Ed. v. [...]</u> (3d Cir. 1994) and <u>Montour School District v. S.T.</u>, Pa.Cmwlth. LEXIS 598, 8[...] A.2d 29 (2001).

The record attached by Plaintiffs includes depositions taken in the case against BASD, appel[...] hearing officer opinions. As CIU20 was not a party in that case, [...] have the opportunity to participate in the [...] examination of witnesses. A-104; A-13[...] 287; A-307; A-329; A-365; A-385; A-399; A-423; A-4[...] hearings, CIU20 was never a respondent [...] respond to Plaintiffs' allegations. It is unquest[...] the underlying administrative hearings wa[...]

88

Plaintiffs' attempt to introduce CIU2[...] stage of the proceedings is hig[...] Bethlehem case at 00-CV-642 indicates that a trial schedule has been se[...] January 10, 2003, which is less than[...] extensive discovery taken in which CIU has not[...]

was initiated by Plaintiff on February 3, 2000. Plaintiffs had more than two years to join CIU20 as a party and made no attempt within the two year period to do so. Now that the initial two year period has expired, Plaintiffs attempt to insert CIU20 at the...

Based on the foregoing, Plaintiffs failed to meet their burden and the matter is ripe for Summary Judgment. Plaintiffs Motion for Summary Judgment should be dismissed.

### II. THERE IS A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER CIU20 EMPLOYEES ARE THE BORROWED SERVANTS UNDER THE BORROWED SERVANT DOCTRINE

There exists a genuine issue of fact as to whether CIU20 is an independent contractor or borrowed servant *vis`a vis* as a co-Lessee. A factual issue upon which this case turns is who was the employer of the CIU20 employees who provided services to Plaintiffs. The CIU20 employees were the borrowed servants of Bethlehem Area School District. BASD actually supervised the CIU20 employees in the building and controlled the manner of their work and therefore is liable to Plaintiffs.

Pennsylvania law on the borrowed servant doctrine is set out in <u>Walton v. Harold M. Kelly, Inc.</u>, 269 A.2d 347, 349-50 (Pa.Super. 1970):

> One who is in the general employ of another may, with respect to certain work, be transferred to the service of...

wayway that he becomes, for the first time being and in the pway that he be service which he is engaged to perform, an employee of that person.

KhanKhan v. Accurate Mold, Inc., 82 F.Supp.2d 381 (E.D. Pa. 2000); Fitzpatrick v.v. Consolidated Rail Corp., 1992 U., 1992 U.S. Dist., 1992 U.S. Dist. LEXIS 11615 (E.D. P Walton at 349-350.

Further,Further, the third person, the allegedFurther, the third person, the controlcontrol ncontrol not only thecontrol not only the work the employee is to do b performanperformance.performance. Fitzpatrick citing Hamler v. Waldron, 284 A.2d 1970);1970); Farmers Export Co. v. Energy Terminals, Inc., 673 , 673 F.Supp, 673 F.Supp. (E.D.Pa.(E.D.Pa. 1987)(citing WaltWalton, 2, 269 A.2d at 349).  The most important factor determiningdetermining whether the employee has becomedetermining whethe borrowingborrowing emborrowing employer is the degree to which the borrow exercisesexercises control over theexercises control over the employee. Fitzpatrick citir 826826 F.2d826 F.2d 1255 (3d Cir. 1987)(Third Circuit cites Restatement (Second) of826 F.2d in determining issue on appeal from Virgin Islands).[2]

---

[2]TheThe Eastern District Court listed seven factors that should be considered in detThe Eastern Distric whether an employee is a borrowed servant, only six of which are applicable here:

1.1.  One who is in the general employ of one employer may be transferredOne who is in the ger service of another in such aservice of another in such a mannerservice of another in such a the second employer;

2.2.  Whether or not the transferredWhether or not the transferred employee is borrowed,Whether thethe first employer passes to the secondthe first employer passes to the second employerth the employee s work but also the manner of performing it;

3.3.  ItIt is enough toIt is enough to establishthe employer-employeeIt is enough to establish the has the right to control the employee s manner of performance of work;

Case 2:02-cv-04023-BWK    Document 7    Filed 11/15/2002    Page 11 of 14

Notwithstanding whether or not CIU20 employees were servants of BASD for purposes of liability, under Pennsylvania law, the jury is the fact-finder as to whether there is a master-servant relationship, and also as v. Stoltzfus, 2000 U.S. Dist. LEXIS 15441 (E.D. Pa. 2000)(One is the negligence of another, unless there is a relationship of master and servant or principle and agent; the jury determines whether a master-servant relationship); Mauk v. Finkler, 367 F.Supp., 1973)(There is no question that under the law of Pennsylvania, the scope of the authority or employment of an agent or servant is a factual issue for jury determination; the test of whether the factual issue should reach determination turns on whether any reasonable inference from the facts finding that the employee was acting in furtherance of

---

**** (The fourth factor which the Court lists is specifically tailored to [...] which are treated differently by the Pennsylvania Supreme Court.

5. Facts which indicate that an employee remains include original employer's right to select, discharge him at any time and send another in his possession of a skill or special training required, employer, and employment at a daily or hourly rate for no definite period;
6. The fact the second employer designates the work to be done and where it is done does not militate against the first employer-employee relationship; and
7. When the facts are undisputed, the determination of who is the employer is one of law, but when the facts are disputed the question is one of fact.

Fitzpatrick *citing* Smart v. Ashland Chemical, Inc., 1992 WL 10476 at n2 (E.D. Pa. 1992)

11

business); <u>Stine v. Borst</u>, 205 Pa. Super. 46, 205 A.2d 650 (Pa.Super. 1964)

In the case at bar, the deposition testimony of several CIU20 employees raises the issue as to the status of CIU20 as an independent contractor borrowed servant for BASD and whether CIU20 an it's employer's (BASD) business:

> Q. ...You said that you were the special education [...] Bethlehem Area School Dis[...] you were hired and paid by Colonial Intermediate [...] why during the two years you serve[d in the] school district you were paid and hired by the Intermediate Unit?
>
> A. I was hired by the Intermediate Unit. It wa[s] Bethlehem contracted with the Intermediate Unit to provide spe[cial] education supervision services to the district.
>
> (N.T. Nancy Laurence, A-288-289)
>
> Q. ...Would you explain what that relati[onship is with the Bethlehem] Area School District?
>
> A. Yes. The Intermediate Unit is a consortion of sorts that provi[des] special services to our intermediate u[nit] districts, Bethlehem being one of those school districts. [Bethlehem] pays a proportionate amount, depending on [...] we are serving.
>
> Q. Depending on the number of students i[n the] programs or receiving Inte[rmediate Unit ...] work?
>
> A. Everyone pays an equal portion for ov[erhead of the] Intermediate Unit. Then [if a district uses] one of our programs, the district is charged an amount per cone o[f ...] depending on the services they are receiving.

> We also act as consultants to the school... I was not providing direct service to S... consultative basis.

(N.T. Margie DeRenzis, A-367-368)

> Q. Who is your employer?
>
> A. Let me explain this, because I know this question has be... that you understand fully. ... education in the Bethlehem Area... a district employee. The previous e... Colonial Intermediate Unit 20. It was an arran... the district and the Intermediate Unit. The district paid th... Intermediate Unit for administrative oversight.
>
> So, the Intermediate Unit, through that agreement, pro... administrative oversight... eight years that I talked about previous to the dis... this year.

(N.T. Richard Agretto, A-401)

The question of CIU20's relationship with BASD is clearly a question of fact to be determined by the jury. Accordingly, Plaintiffs Motion for Summary Judgment should be dismissed.

### III. PLAINTIFFS FAIL TO STATE A CAUSE OF ACTION AGA... DEFENDANT CIU UNDER IDEA, §504 AND §1983

To the extent that Plaintiffs incorporate their Motion & Br... against BASD in the matter docketed at 00-CV-642 (pg... to Dismiss and Motion for Summary Judgment), Defendant CIU2... and incorporates the arguments set forth in...

13

BriefBrief in Opposition to Plaintiffs MotionBrief in Opposition to Plaintiffs Motion for forfor Summarfor Summary Jufor Summary Judgment and Motion for Disposition on Record in Scott C. v. BASD docketed at 00-CV-642.

### E.  CONCLUSION

ForFor the foregoing rFor the foregoing reasonFor the foregoing reasons, Plain should be dismissed.

<div style="text-align:right">
KING, SPRY, HERMAN, FREUND & FAUL

_____
John E. Freund, III, Esquire
One West Broad Street, Suite 700
Bethlehem, PA 18018
610.332.0390
ID 25390
</div>